IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
Pittsburgh Division

| | | |
|---|---|---|
| In Re: | : | Case Number 06-25454-MBM |
| | : | Chapter 11 |
| LE – NATURE'S, Inc., *et al.* | : | |
| | : | Jointly Administered |
| Debtors. | : | |

R. TODD NEILSON, Chapter 11 Trustee,

            Movant,

v.

GIANT EAGLE, INC.,

            Respondent.

## RESPONSE OF GIANT EAGLE TO TRUSTEE'S EMERGENCY MOTION TO AMEND THE AUGUST 9, 2007 ORDER APPROVING SALE OF PROPERTY TO GIANT EAGLE AS THE GOOD FAITH PURCHASER

Giant Eagle, Inc. ("Giant Eagle") hereby files the following Response to Trustee's Emergency Motion to amend the August 9, 2007 Order approving the $20 million sale of Debtor's real property, plant and equipment in Latrobe, Pennsylvania (the "Property") to Giant Eagle as the "good faith purchaser." For the reasons set forth below and in the previously-filed Submission of Giant Eagle in Support of the Finding that It Is A "Good Faith Purchaser" Under §363(m) ("Submission"), which is incorporated by reference herein, the Trustee's Motion should be denied as a matter of law and the Court should not amend or otherwise modify its August 9, 2007 Order approving the sale to Giant Eagle as a "good faith purchaser."

### ARGUMENT

Despite acknowledging the undisputed fact that Giant Eagle's August 2, 2007 letter *had no impact whatsoever* on Cadbury's decision to not make any further bids at the August 9, 2007

auction and, therefore, that Giant Eagle's bid represented the best and highest offer for the Property, the Trustee has filed a nonsensical and frivolous "emergency" motion seeking to revoke Giant Eagle's successful $20 million bid in favor of Cadbury's lesser $19 million back-up bid.

As established in its Submission, Giant Eagle did not take "grossly unfair advantage" of Cadbury in connection with the auction and, therefore, is a "good faith purchaser" of the Property.[1] Indeed, the Trustee must necessarily concede that Cadbury was not "disadvantaged" at all, since the August 2, 2007 letter did not cause Cadbury to change its bidding strategy at the auction. Nevertheless, by ignoring or mischaracterizing significant portions of the testimony of Giant Eagle's Ray Smaltz, the Trustee baldly contends that Giant Eagle sent the August 2, 2007 letter in an attempt to "chill" the bidding.[2] Giant Eagle denies that this was its intent but, in any event, Cadbury has confirmed that the letter, in fact, did not "chill" the bidding. Thus, the auction was not in any way "tainted" by the purported "misconduct" of Giant Eagle and the sale was undeniably consummated in good faith and for full value. Under these circumstances, the sale should be confirmed. *See In re Edwards*, 228 B.R. 552, 566 (E.D. Pa. 1998)(even if the purchaser had entered into an agreement to control the price, that "is not sufficient by itself to require disapproval of the sale. ***Absent a showing that the agreement actually did deprive the estate of fair value, the sale should be confirmed.***" (emphasis supplied)). Moreover, we have

---

[1] Notably, the Trustee has cited to no legal authority to support its position that the exercise of a lawful business action can somehow be deemed a "grossly unfair advantage."

[2] As demonstrated in its Submission, Giant Eagle did not intend to "chill" the bidding through its August 2, 2007 letter. *See* Submission at ¶s 12-13. To the contrary, Mr. Smaltz told Cadbury's Mr. Collins prior to the auction and in no uncertain terms "that if they [Cadbury] wanted to bid, they should bid." *Id.* at ¶ 20. The Trustee does not even attempt to dispute this fact.

It should also be noted that the Trustee's contention that Giant Eagle "had a change of heart" after the auction and reversed its decision to discontinue purchasing the products from Cadbury is simply wrong and is belied by both the testimony and the documents. Giant Eagle did not reverse its decision; rather, upon request by Cadbury, it agreed to postpone the decision to give Cadbury the opportunity to show why each product should not be discontinued. Cadbury is to present its business case for the products by September 5, 2007, but Giant Eagle advised Cadbury on August 15 that a number of the products were to be discontinued. *See* Smaltz Depo. p. 84.

2

located no cases where a purchaser was found to have taken "grossly unfair advantage" of another bidder unless the alleged unfair conduct also affected or controlled the sales price.

It is apparent that the Trustee is intending to force a closing with Cadbury on the lesser $19 million sale and then assert claims against Giant Eagle for damages. But what damages can the Trustee assert? If, as Cadbury's own witnesses have testified, Giant Eagle's action did not have any impact on the sale, the Debtor has not been injured and the Trustee will be unable to collect any damages.

Thus, the Trustee's Motion makes no sense. The undisputed facts establish that the approval of the $20 million sale to Giant Eagle as the "good faith purchaser" is clearly in the best interests of the Debtor and its creditors. Thus, the Trustee's motion to revoke Giant Eagle's $20 million bid in favor of Cadbury's $19 million bid should be denied as a matter of law and the Court should not amend or otherwise modify the August 9, 2007 Order.

Respectfully submitted,

*/s/ Darlene M. Nowak*
Darlene M. Nowak, Esq.
Bernard D. Marcus, Esq.
James S. Larrimer, Esq.
Marcus & Shapira LLP
35th Floor One Oxford Centre
Pittsburgh PA 15219
(412) 471-3490
(fax) (412) 391-8758

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing RESPONSE OF GIANT EAGLE TO TRUSTEE'S EMERGENCY MOTION TO AMEND THE AUGUST 9, 2007 ORDER APPROVING SALE OF PROPERTY TO GIANT EAGLE AS THE GOOD FAITH PURCHASER has been served on the parties on the "Master Service List Dated August 26, 2007" on August 29, 2007 as follows: via ECF electronic service pursuant to the address registered with the Court for those who are registered on the ECF system. For those who are not registered with the Court's ECF filing system, via email to the address provided. Those who have provided only street addresses have been served by First Class U.S. Mail on August 30, 2007.

/s/ *Darlene M. Nowak*
Darlene M. Nowak