IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>LE-NATURE'S, INC., et al.,[1]<br><br>                Debtors.<br><br>R. TODD NEILSON, Chapter 11 Trustee,<br><br>                Movant,<br><br>    v.<br><br>NO RESPONDENT. | Case No. 06-25454 (MBM)<br>Chapter 11<br><br>Jointly Administered<br><br><br><br><br><br>Related to Docket No. 1560 |

**ORDER GRANTING CHAPTER 11 TRUSTEE'S EMERGENCY MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9024 TO AMEND ORDER (A) APPROVING SALE OF PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; AND (B) GRANTING RELATED RELIEF**

This matter came before the Court upon the Chapter 11 Trustee's (the "Trustee") Emergency Motion (the "Emergency Motion")[2] Pursuant to Federal Rule of Bankruptcy Procedure 9024 to Amend Order (as defined in the Emergency Motion, the "Sale Order"), (A) Approving Sale of Property Free and Clear of All Liens, Claims, Interests and Encumbrances; and (B) Granting Related Relief [Docket No. 1560]. In addition to the Emergency Motion and the attachments thereto, the Court has considered (i) the Submission of Giant Eagle, Inc. ("Giant Eagle") in Support of the Finding that It Is a "Good Faith Purchaser" Under § 363(m) [Docket No. 1559] (the "Giant Eagle Submission"); (ii) the Response of Giant Eagle to Trustee's Emergency Motion to Amend the August 9, 2007 Order Approving Sale of

---

[1] The Debtors are the following entities: Le-Natures, Inc., Le-Nature's Holdings, Inc., and Tea Systems International, LLC.
[2] Undefined capitalized terms used herein shall have the meanings and definitions ascribed to them in the Emergency Motion, and if not defined therein then in the Sale Order.

Property to Giant Eagle as the Good Faith Purchaser [Docket No. 1568] (the "Giant Eagle Response"); and (iii) the Submission of Cadbury Schweppes Bottling Group, Inc. ("Cadbury") in Support of Position that Giant Eagle is a Buyer in Good Faith [Docket No. 1569] (the "Cadbury Submission"); and based upon such submission, the arguments presented by counsel to the Trustee, Giant Eagle and Cadbury at the hearing held before this Court on August 30, 2007 (the "Hearing"), and upon the record in these cases, the Court FINDS AS FOLLOWS:

A. The Court has jurisdiction over this mater pursuant to 28 U.S.C. § 1334(b) and this matter is a core proceeding pursuant to 11 U.S.C. § 157(b).

B. Venue is proper in this District pursuant to 28 U.S.C. § 1408.

C. Notice of the Emergency Motion was good and proper under the circumstances.

D. The relief requested in the Emergency Motion is in the best interest of the Debtors, their estates and creditors and good and sufficient cause exists for granting the Emergency Motion.

E. Giant Eagle acted in bad faith in connection with the auction held on August 9, 2007 (the "Auction") and attempted to chill the bidding at the Auction.

F. There is no evidence that Cadbury did not act in good faith in connection with the Auction.

G. The Court further incorporates herein all findings of fact made on the record at the Hearing.

Based on the foregoing, it is hereby ORDERED THAT:

1. The Emergency Motion is granted in its entirety.

2. The Giant Eagle Submission, the Giant Eagle Response, and Giant Eagle's objections to the Emergency Motion are hereby overruled.

3. The Cadbury Submission and Cadbury's objections to the Emergency Motion are hereby overruled.

4. The relief sought by Giant Eagle in the Giant Eagle Submission is denied.

5. Giant Eagle is not entitled to a finding that it is a good faith purchaser pursuant to 11 U.S.C. § 363(m) or 363(b)(1).

6. The Sale Order [Docket No. 1526] is amended to delete any and all findings that Giant Eagle is a good faith purchaser pursuant to 11 U.S.C. § 363(m), and is further amended to substitute Cadbury as the Buyer of the Property.

7. The Trustee is authorized to sell the Property to Cadbury on the terms and conditions set forth in Cadbury's bid and the Cadbury APA.

8. Cadbury is a good faith purchaser of the Property and is entitled to the protections of section 363(m) of the Bankruptcy Code.

9. Cadbury is obligated to perform as the Buyer and purchase the Property for $19 million pursuant to the Cadbury APA.

10. Giant Eagle's $2 million deposit (the "Deposit") for the Property is hereby forfeited to the Trustee for the benefit of the Debtors' estates, together with all interest accrued thereon.

11. Lawyers Title Insurance Corporation, as escrow agent, is directed to turn over the Deposit and all interest accrued thereon to the Trustee immediately upon the entry of this Order.

12. Pursuant to the Court's powers under section 105 of the Bankruptcy Code, Giant Eagle shall reimburse the Trustee for any and all fees and expenses incurred by the Trustee and his professionals on behalf of the Debtors' estates in connection with the investigation of Giant Eagle's conduct in connection with the Auction, the Emergency Motion and in defending this

Order, including any and all fees and expenses that may be incurred by the Trustee and his professionals on any appeal of this Order and all proceedings related thereto, including any remand of this matter. Giant Eagle shall pay such fees and expenses within five (5) days after presentment of an invoice for such fees and expenses.

13. All legal and equitable rights and remedies of the Debtors' estates with respect to Giant Eagle's conduct in connection with the Auction are reserved without limitation.

Dated: 8/31/07

HONORABLE M. BRUCE McCULLOUGH
UNITED STATES BANKRUPTCY JUDGE

**FILED**

AUG 31 2007

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST. OF PENNSYLVANIA

499395 Version:v4

4